THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff, Jay M. DeMatteo

---

| | |
|---|---|
| **JAY M. DEMATTEO,** a minor by his guardian ad litem, **KIMBERLY DEMATTEO** | UNITED STATES DISTRICT COURT TRENTON |
|     Plaintiff | |
|     **vs.** | Civil Action No.:   -    (  -  ) |
| **CITY OF TRENTON; MARIO VIDAL** and **JANE DOE VIDAL** (fictitious individual), member of the City of Trenton Police Department; **SHEILAH COLEY,** Police Director; **JOHN DOES 1-5** (fictitious individuals), Personnel of the City of Trenton Police Department in supervisory capacities; | **COMPLAINT** |
|     Defendants. | |

---

## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3).   This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

2.  Plaintiff Jay M. DeMatteo Jay and Kimberly DeMatteo, residing at 2 North Commerce Square, Suite 405, Robbinsville, NJ, 08691, are and were, at all times herein relevant,  residents of the State of New Jersey.

3.  Plaintiff Jay M. DeMatteo is a minor, being sixteen years old when Defendants violated his constitutional rights on July 19, 2020.

4.  Plaintiff Kimberly DeMatteo is the mother and  guardian ad litem of Plaintiff Jay DeMatteo.

5.  Defendants Mario Vidal and Jane Doe Vidal ere at all times mentioned herein duly appointed and acting police officers of the City of Trenton Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of the City of Trenton and were acting under the color of law.

4.  Defendants Police Director Sheilah Coley and/or John Does 1-5 were at all times mentioned herein duly appointed and acting members of the City of Trenton Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of City of Trenton and were acting under the color of law.

5.  Defendants Police Director Sheilah Coley and/or John Does 1-5 were acting in supervisory capacities over Defendants Mario Vidal and Jane Doe Vidal  and responsible by law for the training, supervision and conduct of Defendants Mario Vidal and Jane Doe Vidal.

6.  Defendant City of Trenton is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

2

7.  At all times relevant hereto, Defendants City of Trenton employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Sheilah Coley; Mario Vidal and Jane Doe Vidal, and John Does 1-5.

8.  All Defendants are named in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1.  On 7/19/20, Plaintiff Jay M. DeMatteo was a passenger in his mother's vehicle, Plaintiff Kimberley DeMatteo.

2.  Plaintiff experienced a panic attack causing him nosebleeds and vomiting. His mother pulled over on I 195 and Plaintiff got out and began vomiting on the side of the road.

3.  Trenton police officer Defendant Mario Vidal approached Plaintiff and his mother in plain clothes. Never identifying himself as a police officer and without any justification, Defendant Vidal ran over to Plaintiff and pointed his weapon directly at Plaintiff 's head while he was still vomiting.

4.  Defendant Jane Doe Vidal approached Plaintiff 's mother and identified herself as a police officer by showing her badge.

5.  Defendant Jane Doe Vidal told Plaintiff 's mother that Defendant Mario Vidal pointing his weapon at her son's head was "going to teach him a lesson" and held her back from going over to her son.

6.  Defendant Jane Doe Vidal then went over to Defendant Mario Vidal, he lowered his weapon and they both got Plaintiff to his feet and searched him. State Police arrived to investigate and no charges were filed against Plaintiff.

7.  Defendants' actions caused Plaintiff emotional injuries.

3

## COUNT ONE
## SECTION 1983 USE OF EXCESSIVE FORCE

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Mario Vidal and/or Jane Doe Vidal  acting under color of state law used excessive and unreasonable force on Plaintiff's persons by pointing a weapon at him, depriving Plaintiff of his right to be secure in his person and effects against unreasonable seizure, in violation of the Fourth and Fourteenth Amendments of the Constitution  of the United States and U.S.C. Section 1983.

3.  As a direct and proximate cause of the Defendants' excessive and unreasonable use of force set forth above, Plaintiff sustained emotional injuries and will incur  additional special damages in the future in an amount which cannot yet be determined.

4.  By reason of the above, Plaintiff was injured and was deprived of his constitutional rights as described above.

**WHEREFORE**, Plaintiff Jay M. DeMatteo, by his mother and guardian ad litem Plaintiff Kimberley DeMatteo, demands judgment against Defendants Mario Vidal and Jane Doe Vidal on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT TWO
## SECTION 1983 ILLEGAL SEARCH / SEIZURE

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  The aforementioned acts of Defendants Mario Vidal and/or  Jane Doe Vidal committed under color of state law in pointing a weapon at Plaintiff and searching his person

were  unjustified, without probable cause, reasonable suspicion or any other exception to the

warrant requirements under the Fourth and Fourteenth Amendments of the Constitution of the

United States.

3.  The aforementioned acts of Defendants in pointing a weapon at Plaintiff and

searching him without justification were in violation of Plaintiff's right to be free from

unreasonable search and seizure of  his person and effects under the Fourth Amendment of the

Constitution of the United States, and the right to be free of the deprivation of liberty under the

Fourteenth Amendment of the Constitution of the Unites States, made actionable through 42

U.S.C. Section 1983.

4.  By reason of the above Plaintiff was deprived of his constitutional rights, sustained

emotional injuries, and will incur additional special damages in the future in an amount which

cannot yet be determined.

**WHEREFORE**, Plaintiff Jay M. DeMatteo, by his mother and guardian ad litem

Plaintiff Kimberley DeMatteo, demands judgment against Defendants Mario Vidal and Jane

Doe Vidal on this Count together with compensatory and punitive damages, attorney's fees,

interest and costs of suit incurred, and for any such further relief as the court deems proper and

just.

## COUNT THREE
## SECTION 1983 FAILURE TO INTERVENE

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Mario Vidal and Jane Doe Vidal  were City of Trenton Police Officers and

at all times mentioned herein were acting under color of state law.

5

3.  Defendants Mario Vidal and Jane Doe Vidal  had a duty to intervene in the unjustified use of force on Plaintiff and unreasonable seizure by Defendants Mario Vidal and Jane Doe Vidal.

4.  The unjustified use of force on Plaintiff and unreasonable seizure by Defendants Mario Vidal and Jane Doe Vidal  deprived Plaintiff of his right to be secure in his person and effects against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

5.  Defendants Mario Vidal and Jane Doe Vidal  had a reasonable opportunity to intervene in the unjustified seizure and use of force on Plaintiff by Defendants Mario Vidal and Jane Doe Vidal and failed to intervene.

6.  As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff sustained emotional injuries and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Jay M. DeMatteo, by his mother and guardian ad litem Plaintiff Kimberley DeMatteo, demands judgment against  Defendants Mario Vidal and Jane Doe Vidal on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FOUR
### SECTION 1983 SUPERVISORY LIABILITY

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Sheilah Coley and/or John Does 1-5 were supervisory officials and/or officers in charge at the time Defendants Mario Vidal and Jane Doe Vidal  used excessive and

unreasonable force on Plaintiff and deprived him of his right to be secure in his person and effects against unreasonable seizure.

3. Defendants Coley and/or John Does 1-5 had a duty to prevent subordinate officers Defendants Mario Vidal and Jane Doe Vidal from violating the constitutional rights of citizens and/or detainees.

4. Defendants Sheilah Coley and/or John Does 1-5 either directed Defendants Mario Vidal and/or Jane Doe Vidal to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in his/their subordinate's violations.

5. As a direct and proximate result of the acts of Defendants Coley and/or John Does 1-5 as set forth herein, Plaintiff sustained emotional injuries and will incur additional special damages in the future in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Jay M. DeMatteo, by his mother and guardian ad litem Plaintiff Kimberley DeMatteo, demands judgment against Defendants Sheilah Coley and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

<u>**COUNT FIVE**</u>
<u>**SECTION 1983 UNLAWFUL POLICY, CUSTOM, PRACTICE**</u>
<u>**INADEQUATE TRAINING**</u>

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants City of Trenton, City of Trenton Police Director Sheilah Coley and/or John

7

Does 1-5, are vested by state law with the authority to make policy on : (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to the City of Trenton Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers. Defendants Coley and/or John Does 6- 10 are responsible for training Defendant City of Trenton's police officers in the use of force and/or were officers in charge when Defendants Mario Vidal and Jane Doe Vidal pointed a weapon at Plaintiff and searched him without justification.

3.   At all times mentioned herein, Defendants Mario Vidal and Jane Doe Vidal, as police officers, agents, servants and/or employees of Defendant City of Trenton, were acting under the direction and control of Defendants City of Trenton Police Department,  Coley  and/or John Does 1-5 and were acting pursuant to the official policy, practice or custom of the City of Trenton Police Department.

4.   Acting under color of law pursuant to official policy, practice, or custom, Defendants City of Trenton, Coley and/or John Does 1-5 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendants Coley, Mario Vidal and/or  Jane Doe Vidal in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

5.  Acting under color of law pursuant to official policy, practice, or custom, Defendants City of Trenton, Coley and/or John Does 1-5 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants City of Trenton, Coley and/or John Does 1-5 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

6.  Defendants City of Trenton, Coley and/or John Does 1-5 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of City of Trenton Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

7. Defendants City of Trenton, Coley and/or John Does 1- 5 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints and/or civil lawsuits filed against, Defendants Coley; Mario Vidal; Jane Doe Vidal, and/or other City of Trenton Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse;  unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests; mishandled and/or withheld  evidence, and/or used unreasonable and excessive force on citizens/arrestees.

9

8.  Despite their awareness, Defendants City of Trenton, Coley and/or John Does 1-5 failed to employ any type of corrective or disciplinary measures against Defendants Mario Vidal, Jane Doe Vidal and/or other City of Trenton Police Officers.

9.  Defendants City of Trenton, Coley and/or John Does 1-5 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Coley,  Mario Vidal and/or Jane Doe Vidal on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

10.  Defendants City of Trenton, Sheilah Coley and/or John Does 1-5 had  power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

11.  Defendants City of Trenton, Sheilah Coley and/or John Does 1-5, directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Sheilah Coley, Mario Vidal and/or Jane Doe Vidal heretofore described.

12.  As a direct and proximate result of the acts of Defendants City of Trenton, Coley and/or John Does 1-5 as set forth herein, Plaintiff sustained emotional injuries and will incur additional special damages in the future in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Jay M. DeMatteo, by his mother and guardian ad litem Plaintiff Kimberley DeMatteo, demands judgment against Defendants City of Trenton, Sheilah Coley and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's

fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SUPPLEMENTAL STATE LAW CLAIMS

### COUNT SIX
### VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  The actions of Defendants  Mario Vidal  and/or  Jane Doe Vidal, set forth at length above, deprived Plaintiff of his substantive due process right to be free from unlawful seizure of his person and his fundamental right to  liberty secured by the Constitution  of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et seq.* ("The New Jersey Civil Rights Act").

3.  As a direct and proximate result of the aforesaid acts of Defendants Mario Vidal  and/or Jane Doe Vidal, Plaintiff sustained emotional injuries, was deprived of  his constitutional rights as described above and will incur additional  special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Jay M. DeMatteo, by his mother and guardian ad litem Plaintiff Kimberley DeMatteo, demands judgment against Defendants Mario Vidal  and Jane Doe Vidal on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

### COUNT SEVEN
### ASSAULT AND BATTERY

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  At all times relevant herein, Defendants Mario Vidal and/or Jane Doe Vidal

were acting within the scope of their employment as Trenton police officers.

3. Defendants Mario Vidal and/or Jane Doe Vidal committed an assault and battery on Plaintiff by physically and/or emotionally injuring him without justification and/or by putting him in reasonable apprehension of serious and imminent bodily harm.

4. The assault and battery committed by Defendants was contrary to the common law of the State of New Jersey.

5. As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery, as specifically alleged above, Plaintiff sustained diverse substantial and permanent emotional injuries; medical expenses; lost wages and pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Jay M. DeMatteo, by his mother and guardian ad litem Plaintiff Kimberley DeMatteo, demands judgment against Defendants City of Trenton, Mario Vidal and Jane Doe Vidal on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## <u>COUNT EIGHT</u>
## <u>NEGLIGENCE</u>

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. At all times relevant herein, Defendants Mario Vidal and/or Jane Doe Vidal were acting within the scope of their employment with Defendant City of Trenton as police officers.

3. Defendants Mario Vidal and/or Jane Doe Vidal had a duty to the Plaintiff to not expose him to an unreasonable risk of injury.

4. Through the acts and omissions set forth at length above, Defendants Mario Vidal and/or Jane Doe Vidal breached that duty.

5.  The acts and omissions of the Defendants were in violation of the common law of the State of New Jersey.

6.  As a direct and proximate result of their breach of duty to plaintiff, he was caused to suffer significant and permanent emotional injury; medical expenses; lost wages and pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Jay M. DeMatteo, by his mother and guardian ad litem Plaintiff Kimberley DeMatteo, demands judgment against Defendants City of Trenton, Mario Vidal and Jane Doe Vidal on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT NINE
## INFLICTION OF EMOTIONAL DISTRESS

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  At all times relevant herein, Defendants Mario Vidal and Jane Doe Vidal were acting within the scope of their employment with Defendant City of Trenton as police officers.

3.  Defendants' intentional, reckless and/or negligent actions caused Plaintiff severe emotional distress, resulting in medical expenses and special damages in the future which cannot yet be determined.

**WHEREFORE**, Plaintiff Jay M. DeMatteo, by his mother and guardian ad litem Plaintiff Kimberley DeMatteo, demands judgment against Defendants City of Trenton, Mario Vidal and Jane Doe Vidal on this Count together with compensatory and punitive damages,

attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury as to all issues.

## **DESIGNATION OF TRIAL COUNSEL**

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: February 3, 2021                    _/s/ Thomas J. Mallon, Esquire___
                                           **THOMAS J. MALLON, ESQUIRE**